**Hal DUBIN and National Treasury Employees Union, Plaintiffs,**

v.

**DEPARTMENT OF TREASURY, Internal Revenue Service, Defendant.**

**Civ. A. No. C80-985A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 24, 1981.
Order on Post-Trial Motions
Nov. 16, 1981.

Robert M. Tobias, Washington, D.C., William Harness, Joyce F. Glucksmon, Atlanta, Ga., for plaintiffs.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, Chief Judge.

Presently before the Court in this Freedom of Information Act case are the parties' proposed findings of fact and conclusions of law and objections thereto. Also before the Court are the parties' cross-motions for summary judgment. In connection with their motion plaintiffs filed a statement of material facts as to which there is no genuine dispute. Defendant has agreed with that statement, and defendant has filed the documents at issue for *in camera* examination by the Court. There are many facts which are not contained in the statement of material facts which are obviously material and disputed; accordingly both motions are hereby DENIED.

There are three categories of documents at issue. The government has asserted several different exemptions with respect to the three categories. Plaintiffs contend that some of the exemptions are waived because the defendant failed to raise them when the plaintiffs initially requested the documents from the defendant.

## FINDINGS OF FACT

1. This suit was commenced by plaintiffs Hal Dubin and the National Treasury Employees Union pursuant to 5 U.S.C. § 552, the Freedom of Information Act (hereinafter FOIA) seeking injunctive relief requiring defendants to release certain documents in their possession, namely: the last Regional Surveys (RORP) of the Examination, EP/EO, and Resources Management Division, a copy of each recommendation and approval for each special achievement award, high quality increase or outstanding performance award finalized during the fiscal year ending September 30, 1979 for the entire Atlanta District personnel, a copy of each issue of the Internal Revenue Service Labor Relations Report, a copy of the Employment and Turnover Statistics and Reasons for Quits (4 quarters ending 9/30/79), a copy of Turnover Rate Fiscal Year (4

quarters ending 9/30/79) and a copy of Promotions (EEO) (4 quarters ending 9/30/79).

2. Plaintiff, Hal Dubin is the President of Chapter 26, National Treasury Employees Union. He is responsible for representing employees in the Atlanta District of the Internal Revenue Service in regard to personnel policies, practices and matters affecting working conditions, and the requested documents are sought by Mr. Dubin in that capacity.

3. Plaintiff, National Treasury Employees Union is the exclusive representative of Internal Revenue Service employees in the Atlanta District.

4. Defendant United States Department of Treasury, Internal Revenue Service is an agency of the United States Government and has possession of the requested documents.

5. By letter dated November 15, 1979 addressed to John W. Henderson, District Director, Internal Revenue Service, Atlanta District, Plaintiff Dubin requested a copy of each of the last two Regional Surveys (RORP) of the Examination, EP/EO and Resources Management Divisions.

6. By letter dated November 20, 1979 Henderson denied Plaintiff's request stating the report is exempt from disclosure under the provision of 5 U.S.C. § 552(b)(5) and (b)(6).

7. By letter dated December 18, 1979 Plaintiff Dubin appealed the denial of the request.

8. By letter dated January 14, 1980, N. Jerold Cohen, Chief Counsel, by Michael B. Frosch acknowledged receipt of Plaintiff's appeal and stated that the Service would respond on or before January 24, 1980.

9. Defendants failed to respond to this appeal.

10. Plaintiffs exhausted their administrative remedies with respect to the RORP documents.

11. After plaintiffs filed a Motion for an Index of Documents at Issue, five months after suit was filed, defendants provided, with deletions, some of the RORP documents. Defendants relied upon the (b)(2), (b)(5) and (b)(6) exemptions to justify the deletions.

12. Defendants did not assert the (b)(2) exemption during the administrative process.

13. The RORP studies are conducted to analyze the effectiveness of the managers in the District Office. They are used as an evaluation of managers to analyze their strengths and weaknesses. As such, the RORP studies constitute "personnel or similar files."

14. The managers who are evaluated in the RORP studies have a privacy interest that would be invaded if the documents were to be released to the public, since the RORP's reflect on their performance.

15. Release of the RORP studies to plaintiffs would not be an effective means for the public to evaluate the effectiveness of IRS management; thus, there is only a minimal public interest in release. Moreover, any public interest in such release is outweighed by the privacy interest of IRS managers and by the public interest in the added candor found in evaluations which are not made public.

16. By letter dated November 19, 1979 addressed to John W. Henderson, District Director, Plaintiff Dubin requested a copy of each recommendation and approval for each special achievement award, high quality increase or outstanding performance award finalized during the fiscal year ending September 30, 1979 for the entire Atlanta District personnel.

17. By letter dated November 30, 1979 said information was denied under exemptions granted by 5 U.S.C. § 552(b)(3) and (b)(6). It was claimed that the Privacy Act, 5 U.S.C. § 552a specifically prohibited disclosing the material.

18. By letter dated December 25, 1979 Plaintiff Dubin appealed said denial to the Commissioner of Internal Revenue Service.

19. By letter dated May 23, 1980, William E. Williams, Deputy Commissioner affirmed the Atlanta District's decision that

said background information underlying all individual awards finalized during 1979 was exempt from disclosure under 5 U.S.C. § 552(b)(6).

20. Plaintiffs exhausted their administrative remedies with respect to these recommendations and approvals.

21. In response to Plaintiff's Motion for an Index of Documents at Issue Defendants provided 92 Forms 4009 or Forms F–64–512 with narratives evaluating employees performance and Forms 3681, Performance Appraisals deleted. Social Security numbers were also deleted. Plaintiffs did not contest the deletion of social security numbers. Defendants did not assert that the Privacy Act, 5 U.S.C. § 552a prohibits disclosure of the narratives and performance appraisals.

22. Defendants did not assert the (b)(3) exemption by virtue of 26 U.S.C. § 6103(a) during the administrative process.

23. Article 9 § 2 of the collective bargaining agreement between NTEU and IRS obligates the IRS to make special achievement awards when an employee performs 875 hours of higher graded duties over the previous 12 month period in a manner which fully meets the performance requirements of the higher graded duties.

24. Article 9 § 3 of the parties' negotiated agreement provides for performance recognition awards including special achievement awards, outstanding performance ratings and Quality Pay Increases to be made on the basis of merit and within applicable budget limitations.

25. From time to time grievances arise concerning the failure of the agency to make awards.

26. Jerry Mealer, a bargaining unit employee in the Atlanta District filed one such grievance on August 20, 1979. The grievance concerned a special achievement award. One issue in that grievance was what constitutes performance in a manner which fully meets the performance requirements of the higher graded duties, i.e. whether it is overall performance or performance on each and every aspect of higher graded duties.

27. The recommendations for performance awards are personnel files.

28. The release of the recommendations would constitute an invasion of the personal privacy of the employees about whom the recommendations relate.

29. Release of the recommendations to plaintiffs would not be an effective means for the public to evaluate the effectiveness of IRS management. Such release would not enable plaintiffs better to assist NTEU members or other employees of defendant in obtaining awards because the awards are not made on a comparative or competitive basis. In any event any public interest in such release is outweighed by the privacy interest of the IRS employees and by the public interest in the added candor resulting from not disclosing the evaluations.

30. By letter dated December 18, 1979, Plaintiff Dubin requested from John W. Henderson, District Director, a copy of each issue of Volume 2 of the Internal Revenue Service Labor Relations Report.

31. By letter dated January 8, 1980, Henderson denied the request and asserted that the exemption granted by 5 U.S.C. § 552(b)(5) applied.

32. By letter dated January 12, 1980, Plaintiff Dubin appealed the denial to the Commissioner of the Internal Revenue Service.

33. Said appeal was never acknowledged and defendants failed to respond to the appeal.

34. Plaintiffs exhausted their administrative remedies with respect to Volume 2 of the Labor Relations Report.

35. In response to Plaintiff's Motion for an Index of Documents at Issue, defendants provided a vast majority of the Labor Relations Report for the year 1979. Defendants deleted certain paragraphs, a total of twenty deletions in twenty seven issues.

36. Defendants did not assert during the administrative process that the (b)(3) exemption applied to authorize nondisclosure due to 5 U.S.C. § 7114(b)(4) but rather

raised it for the first time when they provided Plaintiffs with an Index of Documents at Issue.

37. The Labor Relations Reports have a statement on them:

"The *Labor Relations Report* is an information service to IRS executive and personnel staffs to describe recent labor relations trends, developments, and precedents. It is not a vehicle for establishing or initially publishing policy, procedures or instructions and should not be cited or treated as such. The *Report* is intended for managerial use and should not be circulated outside of management ranks.

38. The Labor Relations Reports are prepared by the National Office of the Internal Revenue Service, and are distributed to executives and personnel offices within the Internal Revenue Service.

39. The withheld portions of the Labor Relations Reports constitute advice and guidance to Internal Revenue Service executives in connection with collective bargaining and labor relations. These portions relate solely to collective bargaining and labor relations.

## CONCLUSIONS OF LAW

1. Plaintiffs have ·exhausted their administrative remedies pursuant to the FOIA, and this Court has jurisdiction over this action.

■ 2. The RORP studies are personnel or similar files "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," and the records are, therefore, exempt from disclosure pursuant to 5 U.S.C. § 552(b)(6).

■ ·3. The withheld portions of the Labor Relations Reports constitute guidance, advice and counsel to management relating to collective bargaining within the meaning of 5 U.S.C. § 7114(b)(4).

4. 5 U.S.C. § 7114(b)(4) is a statute within the meaning of Section (b)(3) of the FOIA, and the Labor Relations Report are, therefore, exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3).

■ 5. The recommendations for performance awards are personnel files "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;" and the records are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(6).

6. All documents at issue at trial are exempt from disclosure.

■ 7. The Court has not relied on any exemptions that plaintiffs contend were waived, but the Court concludes that no exemptions were waived by the defendant by not raising the exemption(s) during the "administrative process."

Plaintiffs point to the well-established tenet of administrative law that judicial review of agency action should come only after all remedies available with the agency are exhausted and that the courts will consider only matters raised during the administrative process. They also point out that the exemptions are not mandatory bars to disclosure but may be asserted or not asserted in the discretion of the agency.

The Court does not agree with plaintiffs for several reasons. First, the FOIA provides for *de novo* review in the courts, 5 U.S.C. §§ 552(a)(4)(B), thus, minimizing the value of any record created before the agency. Moreover, a request is not actually litigated before an agency. The agency grants the request or it does not, but no record is made that would be of any help to the reviewing court. Also, suit may be brought under the FOIA even before the agency determines whether to grant a request unless the agency grants the request within ten days after the request is made. 5 U.S.C. § 552(b)(6).

8. The Court will DEFER RULING on the attorney fees question. Plaintiffs may have ten days to fully brief their position and file affidavits on that issue and the defendant may have ten (10) days to respond. If either party believes that any appeal should precede the resolution of this issue, that party shall so notify the Court and opposing counsel immediately, and in such event the above deadlines will be tolled pending determination of how to proceed.

### ON POST–TRIAL MOTIONS

The above-styled case is before the Court on two post-trial motions. Both parties have moved for clarification of certain statutory citations in the Court's findings of fact and conclusions of law, and plaintiffs seek attorney fees.

The following clerical corrections are made to the Court's order filed July 24, 1981: (1) Conclusion of law number 4 should conclude "... exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3)"; and (2) The last sentence of conclusion of law number 7 should read "5 U.S.C. § 552(a)(6)."

Plaintiffs' motion for attorney fees is based upon 5 U.S.C. § 552(a)(4)(E), which provides:

> The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

While the plaintiffs did not prevail in their efforts to secure the documents sought at trial, they did succeed in obtaining from defendant numerous documents after filing this suit and requesting of defendant a "Vaughn" index of documents withheld. *See* Findings of Fact Nos. 11, 21, and 35, filed July 24, 1981. None of the documents plaintiffs received following the filing of this suit were made available to plaintiffs prior to their motions for a "Vaughn" index of the documents being withheld, leading the Court to conclude that it was the filing and prosecution of this lawsuit which allowed the plaintiff to partially prevail.

The Government concedes that if the Court finds the plaintiffs to have "substantially prevailed" as a result of the voluntary release of documents following the plaintiffs' request for a "Vaughn" index, an award of attorney fees would be permissible. The Government contends, however, that an award of attorney fees should be limited to fees accruing during the period of time prior to and ending upon the Government's release of various documents, citing *Copeland v. Marshall,* 641 F.2d 880 (D.C.Cir.1980).

The Court believes that the plaintiffs substantially prevailed in their efforts to obtain documents from defendant under the Freedom of Information Act and are entitled to attorney fees, *Cazalas v. United States Department of Justice,* 660 F.2d 612 (5th Cir.1981), but it also believes the fees awarded should not include fees for plaintiffs' counsel for their efforts after the release of documents by the Government, *see Copeland v. Marshall,* 641 F.2d 880, 891–92 (D.C.Cir.1980) (en banc); *Dillon v. AFBIC Development Corp.,* 597 F.2d 556, 564 (5th Cir.1979), since they failed to prevail on their claims at trial. Consequently, the Court agrees with Government's counsel that plaintiffs' counsel's affidavit shows counsel's compensable hours to total 10.58 which at $60.00 per hour (the rate plaintiffs request) equals $634.80.

The Court further agrees with Government's counsel that plaintiffs are not entitled to recover $161.41 in costs for photocopying exhibits or to recover their filing fee since they did not prevail at trial. *See* 28 U.S.C. § 1920. The Clerk is DIRECTED to enter a judgment consistent with this order.