Edward **SPANNAUS, Plaintiff-Appellant,**

v.

**U.S. DEPARTMENT OF JUSTICE,**
**Defendant-Appellee.**

**No. 86–1557.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 10, 1986.
Decided March 17, 1987.

Bernard Fensterwald, III (Fensterwald, Alcorn & Bowman, P.C., Arlington, Va., on brief), for plaintiff-appellant.

John Peter Schnitker, Appellate Staff, Civil Div., Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., Henry E. Hudson, U.S. Atty., Leonard Schaitman, Washington, D.C., on brief), for defendant-appellee.

Before WIDENER and ERVIN, Circuit Judges, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.

HENDERSON, District Judge:

Edward Spannaus appeals from a district court order granting summary judgment to the United States Department of Justice ("the Government") in a suit brought by Spannaus to obtain information from Federal Bureau of Investigation ("FBI") files under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982 & Supp. III 1985). Because we conclude there is an adequate factual basis for the district court's determination and the decision reached is not clearly erroneous, we affirm.

I.

Spannaus is the legal editor of the weekly magazine *Executive Intelligence Review.* By letter dated April 1, 1985, he requested from the FBI copies of "any and all" FBI documents in six categories related to the 1980 assassination of Ali Akbar Tabatabai, an Iranian citizen and a prominent anti-Khomeini activist, and to the 1984 indictment of other Iranians for illegal arms sales during the Iranian hostage crisis.[1]

---

1. Specifically, Spannaus requested access to the following documents:

1. Any and all documents pertaining to CYRUS HASHEMI, an Iranian citizen formerly residing in the United States within the State of Connecticut and formerly maintaining offices at 9 West 57th Street, 38th Floor, New York, New York 10019.

2. Any and all documents pertaining to the FIRST GULF BANK AND TRUST (West Indies) LIMITED, previously known as the FIRST ARABIAN BANK AND TRUST before October 5, 1979. The above bank was incorporated in Anguilla, West Indies on February 9, 1979 and is headquartered at The Continental Building, The Valley, Anguilla, West Indies. Within the United States, it has maintained representative offices at 9 West 57th Street, 38th Floor, New York, New York 10019.

3. Any and all documents, from October 12, 1979 to January 20, 1981, pertaining to the taking of 53 American hostages in Iran as well as the negotiations to secure their release, which refer to CYRUS HASHEMI and/or ABOLFAZL "BAHRAM" NAHIDIAN.

4. Any and all documents pertaining to the assassination of ALI AKBAR TABATABAI, which occurred on July 22, 1980, in the State of Maryland (he was the President of the Iran Freedom Foundation headquartered in Washington, D.C. and, before the fall of the Shah of Iran, was the information counselor at the Iranian Embassy in Washington, D.C.), which refer to CYRUS HASHEMI and/or ABOLFAZL "BAHRAM" NAHIDIAN.

5. Any and all documents, from 1979 to the present, referring to actual or potential violations of law regarding the export of weapons and military spare parts to Iran, which refer to CYRUS HASHEMI, REZA HASHEMI, CYRUS DAVARI, and/or JOHN STANLEY POTTINGER.

6. Any and all documents pertaining to the loss or disappearance of tape recordings of

The FBI located documents related to certain portions of Spannaus's FOIA request in three investigative files characterized as "Foreign Counterintelligence Matters": one pertaining to the assassination of Ali Akbar Tabatabai, one captioned "Cyrus Hashemi" and one captioned "Cyrus Hashemi and Reza Davari." The FBI, however, denied Spannaus's request for disclosure of the documents. By letter dated September 23, 1985, the FBI informed Spannaus that the documents were being withheld pursuant to 5 U.S.C. § 552(b)(7)(A), which at that time exempted investigatory records compiled for law enforcement purposes if the disclosure "would interfere with enforcement proceedings."[2]

Spannaus then brought this action to require disclosure. The Government subsequently moved for summary judgment. In support of its motion for summary judgment, the Government submitted the declaration of FBI Special Agent David H. Cook. Special Agent Cook stated, *inter alia*, that the documents sought related to pending and prospective criminal enforcement proceedings and that their release would involve the following types of potential harm:

(1) destruction or alteration of evidence yet to be discovered;

(2) identification of individuals who possess information relative to the investigation, leading to possible intimidation and/or harm; and,

(3) use of the information released to establish fraudulent alibis.

Special Agent Cook explained that the FBI had not prepared a *Vaughn*[3] index because such an index would also jeopardize enforcement proceedings and defeat the purpose of the exemption.

Finally, after identifying the categories of documents contained in the files (*e.g.,*

teletype, airtel, letter, letterhead memorandum), Special Agent Cook stated:

Information contained in the foregoing categories of documents represents the FBI's investigation of criminal activity involving the subjects of plaintiff's request. Included in these documents are details regarding initial allegations giving rise to this investigation; notification of [FBI Headquarters] of the allegations and ensuing investigation; interviews with witnesses and subjects; investigative reports furnished to the prosecuting attorneys; contacts with prosecuting attorneys regarding allegations, subsequent progress of the investigations, and prosecutive opinions; and, other sundry items of information. To release any information from these files at this time would interfere with prospective criminal enforcement proceedings. There is no reasonably segregable portion of any of the withheld material that can be released. To further describe the information withheld, would lead to disclosure of the very information sought to be protected.

In response, Spannaus submitted an affidavit in which he gave his account of the status of investigations of, and criminal proceedings against, named individuals involved in the weapons violations scheme and in the Tabatabai assassination. On the basis of information accumulated in the course of his own investigation, including interviews with confidential sources, Spannaus challenged the FBI's assertion that disclosure would interfere with law enforcement proceedings.

The district court found the Government had adequately established the applicability of the subsection (b)(7)(A) exemption through the declaration of Special Agent

meetings between JOHN STANLEY POTTINGER and CYRUS HASHEMI and/or REZA HASHEMI, as referred to in the enclosed article from the *Washington Post,* dated July 18, 1983.

**2.** 5 U.S.C. § 552(b)(7)(A) (1982) was amended on October 27, 1986, by § 1802(a) of the Freedom of Information Reform Act of 1986, Pub.L. No. 99–570, 1986 U.S.Code Cong. & Ad.News (100 Stat. 3207) 10A. See text at n. 5 *infra.*

**3.** *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1984) (articulating the Government's burden to produce meticulous and specific documentation of its claimed justification for nondisclosure under 5 U.S.C. § 552).

Cook and granted summary judgment to the Government.

## II.

■ In general, FOIA exemptions are to be narrowly construed in favor of disclosure. *J.P. Stevens Company v. Perry*, 710 F.2d 136 (4th Cir.1983). The FOIA, however, expressly recognizes that "public disclosure is not always in the public interest...." *Baldrige v. Shapiro*, 455 U.S. 345, 352, 102 S.Ct. 1103, 1108, 71 L.Ed.2d 199 (1982). The district court must make a *de novo* determination of whether government records were properly withheld under an FOIA exemption. 5 U.S.C. § 552(a)(4)(B). This court has a limited role in reviewing the findings of the district court in an FOIA case. *Willard v. Internal Revenue Service*, 776 F.2d 100, 104 (4th Cir.1985). On appeal from a grant of summary judgment, the court "must simply determine whether (1) the district court had an adequate factual basis for the decision rendered and (2) whether upon this basis the decision reached is clearly erroneous." *Id.*[4]

■ Section 552(b)(7) of the FOIA was amended on October 27, 1986. It now exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings...." 5 U.S.C. § 552(b)(7)(A) (1982), as amended.[5] The agency bears the burden of demonstrating that requested information comes within an FOIA exemption. *FBI v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982). The agency's showing under the amended statute, which in part replaces "would" with "could reasonably be expected to," is to be measured by a standard of reasonableness, which takes into account the "lack of certainty in attempting to predict harm" while providing an objective test. S.Rep. No. 98–221, 98th Cong., 1st Sess. 24 (1983).

On appeal, Spannaus contends that the FBI failed to meet its burden of demonstrating that all of the records sought were exempt from disclosure under Section 552(b)(7)(A). Alternatively, Spannaus argues that, even if the FBI initially met the burden, his own affidavit raised genuine issues of material fact and therefore precluded summary judgment. Finally, Spannaus challenges the sufficiency of Special Agent Cook's declaration.

Spannaus first asserts that the Government failed as a matter of law to demonstrate the requisite interference under subsection (b)(7)(A) by making a blanket claim of exemption as to three different files. Relying on *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), Spannaus argues that a relatively detailed and nonconclusory affidavit is required to support summary judgment. He asserts that Special Agent Cook's declaration provides no details as to the status of the pending investigations nor does it contain the agency's objections to disclosure of specific documents or parts thereof.

■ We find, however, such particularity is not a prerequisite of the subsection (b)(7)(A) exemption. The Supreme Court has rejected the argument that the statute requires particularized showings of interference, holding instead that the Government may justify nondisclosure in a generic fashion. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 223–24, 236, 98 S.Ct. 2311, 2317–18, 2323, 57 L.Ed.2d 159 (1978).

---

4. The words "clearly erroneous" as used in *Willard* do not refer to the standard of review set forth in Rule 52(a) of the Federal Rules of Civil Procedure. Rule 52(a) provides that findings of fact in actions tried before the district court "shall not be set aside unless clearly erroneous...." Any findings of fact made on a summary judgment motion, however, are not "entitled to the protection of the 'clearly erroneous' rule on review." Wright & Miller, Federal Practice and Procedure: Civil § 2575 (1971); *see* Fed.R.Civ.P. 56(c).

5. Section 1804(a) of the Freedom of Information Reform Act provides that the amendment applies to any civil action pending on the date of enactment and, accordingly, the amendment applies here.

Here, the Government has categorized the kinds of documents at issue and has specifically identified the type of information they contain and the harms their release could have in pending proceedings, including (1) destruction or alteration of evidence; (2) identification of knowledgeable individuals, leading to their intimidation or harm; and (3) fabrication of fraudulent alibis. These types of harm have been found to warrant an exemption under subsection (b)(7)(A). *See Robbins Tire & Rubber Co.,* 437 U.S. at 239, 98 S.Ct. at 2325; *Willard v. Internal Revenue Service,* 776 F.2d at 103. The Government therefore has fully met its burden of demonstrating that production of the requested documents "could reasonably be expected to interfere" with law enforcement proceedings, as the amended statute requires. The district court correctly upheld the Government's position.

If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

*Barney v. Internal Revenue Service,* 618 F.2d 1268, 1272 (8th Cir.1980), *quoting Cox v. United States Department of Justice,* 576 F.2d 1302, 1311 (8th Cir.1978).

Nor do we agree with Spannaus's second contention that his affidavit is sufficient to defeat the Government's summary judgment motion. While Spannaus is entitled to investigate and draw his own conclusions, his surmises are insufficient to undermine the Government's presentation. *See Gardels v. Central Intelligence Agency,* 689 F.2d 1100, 1106 n. 5 (D.C.Cir.1982); *King v. United States Department of Justice,* 586 F.Supp. 286, 291 (D.D.C.1983).

Finally, Spannaus challenges the sufficiency of Special Agent Cook's declaration. He contends the declaration does not meet the requirement of "personal knowledge"

under Federal Rule of Civil Procedure 56(e) [6] because it does not state that Special Agent Cook was personally involved in the investigations but only that he was familiar with the handling of Spannaus's FOIA request. This contention is entirely without merit.

In his declaration, Special Agent Cook attested to his personal knowledge of the procedures used in handling Spannaus's request and his familiarity with the documents in question. He has therefore demonstrated ample personal knowledge to render him competent to testify regarding the interference posed by disclosure. *See Willard,* 776 F.2d at 104; *Laborers' International Union v. United States Department of Justice,* 578 F.Supp. 52 (D.D.C. 1983), *aff'd,* 772 F.2d 919 (D.C.Cir.1984).

In conclusion, we emphasize that this court has a "limited role [in] reviewing the findings of a district court in an FOIA case." *Willard,* 776 F.2d at 104. The declaration of Special Agent Cook provides an adequate factual basis for the district court's determination and the decision reached is not clearly erroneous. Therefore, the order granting the Government's motion for summary judgment is

*AFFIRMED.*

---

6. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e).