Phyllis YOUNG, Plaintiff-Appellant,

v.

CENTRAL INTELLIGENCE AGENCY, Defendant–Appellee.

No. 91–1229.

United States Court of Appeals, Fourth Circuit.

Argued April 10, 1992.

Decided July 23, 1992.

Thomas Kass Berger, Reston, Va., argued, for plaintiff-appellant.

Susan Ann Arnold, Sp. Asst. U.S. Atty., Alexandria, Va., argued (Richard Cullen, U.S. Atty., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, and HALL and PHILLIPS, Circuit Judges.

## OPINION

ERVIN, Chief Judge:

Phyllis Young brought suit against the Central Intelligence Agency (CIA), her former employer, seeking documents under the Freedom of Information Act (FOIA), 5

U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. After the CIA moved for summary judgment, Young moved for summary judgment and sought additional documents by serving the CIA with a subpoena duces tecum. The CIA moved to quash the subpoena. After a hearing, the district court granted the CIA's motion for summary judgment and motion to quash, and denied Young's motion for summary judgment. Young appeals, arguing that the district court abused its discretion either in failing to conduct an *in camera* inspection of contested documents at the hearing or in granting the motion to quash. Finding no abuse of discretion in either ruling, we affirm.

I

The facts underlying this case are generally not in dispute. While employed at the CIA, Phyllis Young noticed several examples of what she considered wrongdoing occurring at the agency. She brought them to the attention of her superiors and the CIA Inspector General. In May 1989, Young requested the following documents from the CIA under FOIA:

1. Documents pertaining to any and all findings of the Inspector General investigation of my complaints about overtime and leave abuse.... All the documentation pertaining to this case is in the Inspector General's office....

2. All documents pertaining to the findings of the Inspector General's investigations of two cases of financial malfeasance about which I had written.... All documentation pertaining to these cases is in the Inspector General's office....

3. The Director of Financial Management's memo dated February 1989 requesting that OMS schedule a Fitness-for-Duty exam for me....

4. Copies of any and all documents in my official personnel file which do not have my acknowledgement that I have seen them.

J.A. at 305. Young alleges that the CIA then "began a campaign to pressure her

into resigning," Appellant Brief at 6, a campaign that was ultimately successful.

After her resignation, Young continued to seek the requested documents under FOIA and the Privacy Act. The CIA identified 142 documents that were responsive to Young's request. The agency released documents 1 through 16 in their entirety and documents 17 through 92 in redacted form, while withholding documents 93 through 142. In April 1991, dissatisfied with this limited response, Young brought suit in the district court after exhausting her administrative remedies. Young alleged that the CIA had failed to comply with both FOIA and the Privacy Act in dealing with her request. Young then successfully moved the magistrate judge to direct the CIA to prepare an index of the contested documents pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) (a *"Vaughn* Index"). In response, the CIA filed several sworn declarations of CIA employees that referred to the contested documents, detailed the FOIA exemptions (statutory reasons for withholding documents in whole or in part) the agency claimed, and included *Vaughn* Indices. The CIA also released many of the documents it had previously withheld.

After the CIA moved for summary judgment, Young filed a cross-motion for summary judgment and also contended that a number of documents responsive to her request were located in a safe that had been assigned to Young while she worked for the CIA. Young served a subpoena duces tecum on the CIA, seeking the contents of the safe. Young moved the district court to direct the CIA to evaluate the contents of the safe and file a supplemental *Vaughn* Index. The CIA moved the district court to quash the subpoena as beyond the scope of Young's original request.

Young and the CIA then argued their cross-motions for summary judgment and the CIA's motion to quash the subpoena duces tecum at a hearing before the district court. At the hearing, Young's attorney urged the district court to view the 21 remaining contested documents *in camera*

to decide whether the CIA's claimed exemptions applied, stating, "If it takes the Court a half an hour, I would be surprised." J.A. at 396. The district court refused to examine the documents *in camera*, granted the CIA's motion for summary judgment, denied Young's motion for summary judgment, and granted the CIA's motion to quash the subpoena duces tecum without prejudice.

## II

■ Young argues first that the district court erred in deciding not to view the contested documents *in camera*. Under FOIA, a district court "may examine the contents of ... agency records in camera to determine whether such records or any part thereof shall be withheld under" FOIA's exemptions. 5 U.S.C. § 552(a)(4)(B). In discussing section 552(a)(4)(B), this court has stated that the section's legislative history "discloses a congressional intention that the judge need not inspect the document *in camera* or require its production. He may act on the basis of testimony or affidavits...." *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1367 (4th Cir.1975). Thus, from the language of FOIA and the caselaw construing it, it is clear that we should apply the abuse of discretion standard of review to the district court's decision not to make an *in camera* inspection.

■ Young argues that the district court committed an abuse of discretion because (1) the CIA's claimed exemptions were suspect, because, since the administrative proceedings below, the CIA had changed its position as to which exemptions applied to some of the documents; and (2) an *in camera* review would have taken so little time. Young cites no authority for the first point, and we have discovered none. It is unremarkable that the CIA, when it filed its declarations and *Vaughn* Indices, changed its position as to a few of the many documents originally at issue two years before in the administrative proceeding. Moreover, an agency does not waive FOIA exemptions by not raising them during the administrative process. *Dubin v. Depart-*

*ment of the Treasury*, 555 F.Supp. 408, 412 (N.D.Ga.1981), *aff'd*, 697 F.2d 1093 (11th Cir.1983). The *Dubin* court reasoned that waiver is inappropriate because FOIA provides for *de novo* judicial review, 5 U.S.C. § 552(a)(4)(B); agencies do not litigate FOIA requests and therefore do not create a record suitable for review; and plaintiffs may bring suit even before the agency determines whether to grant a request if the agency has not acted within ten days of the request, 5 U.S.C. § 552(a)(6)(A). We find that reasoning persuasive, and we therefore find no merit in Young's first argument.

■ We have uncovered no cases addressing Young's second point, but accepting Young's reasoning would appear to establish a *per se* rule that district courts must make an *in camera* examination whenever the examination could be completed quickly. Such a rule would eviscerate the discretion Congress gave district courts in section 552(a)(4)(B), and we must therefore reject it. Furthermore, Fourth Circuit FOIA precedent dooms Young's second point. In affirming a grant of summary judgment in the government's favor in an earlier FOIA case, this court stated:

> If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

*Spannaus v. United States Dept. of Justice*, 813 F.2d 1285, 1289 (4th Cir.1987) (quoting *Barney v. Internal Revenue Service*, 618 F.2d 1268, 1272 (8th Cir.1980)). Here, the CIA filed with the district court approximately 100 pages of declarations and *Vaughn* indices detailing each of the 21 withheld or redacted documents and the exemptions claimed for each. The district court explicitly found that the CIA had used "sufficient specificity" in its declarations so as to meet the required standards for upholding nondisclosure. J.A. at 401.

Young does not allege that the CIA acted in bad faith in its declarations. Under the circumstances, we cannot hold that the district court committed an abuse of discretion in "accept[ing] the credibility of the affidavits" and not taking the additional step of examining the contested documents *in camera*. *See Spannaus*, 813 F.2d at 1289.

■ The second issue on appeal is whether the district court abused its discretion in quashing Young's subpoena duces tecum seeking the contents of her former office safe. The government persuaded the district court that the subpoena requested documents outside the scope of her FOIA request. Young's request had in fact stated that the documents she sought were located in the Inspector General's office or in her personnel file, and she made no reference to her office safe. Young served the subpoena well into this litigation, after the CIA had moved for summary judgment, and under the circumstances the district court did not commit an abuse of discretion in quashing it. *See Simmons v. United States Dept. of Justice*, 796 F.2d 709, 711–12 (4th Cir.1986) (holding that district court did not abuse its discretion in limiting discovery and entering summary judgment on basis of agency affidavits). We note that the district court quashed the subpoena without prejudice, preserving Young's right to make a separate FOIA request for the documents contained in her former office safe.

For the reasons discussed above, the judgment of the district court is hereby

AFFIRMED.