28 F.3d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Phyllis YOUNG, Plaintiff-Appellant,
v.
CENTRAL INTELLIGENCE AGENCY, Defendant-Appellee.
 No. 93-2470.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1994.
Decided July 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-92-37)
 Thomas Kass Berger, Reston, VA, for appellant.
 Margaret Ann Smith, Asst. U.S. Atty., Alexandria, VA, for appellee.
 Helen F. Fahey, U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and MICHAEL, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is the second action brought by Phyllis Young against her former employer, Central Intelligence Agency (CIA), seeking to obtain documents under the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552, and the Privacy Act (PA), 5 U.S.C. Sec. 552a. In her first action, Young v. Central Intelligence Agency, 972 F.2d 536 (4th Cir.1992) ("Young I"), we affirmed the district court's granting of CIA's motions for summary judgment and to quash a subpoena duces tecum which plaintiff had served seeking additional documents. The district court had quashed the subpoena without prejudice to Young's right to file new requests for some of the documents in question, and while the appeal was pending in Young I plaintiff renewed her request for those documents.
 
 
 2
 Upon the alleged failure of the CIA to respond timely to her request she instituted this action on January 10, 1992. On September 24, 1993 following a hearing on cross-motions of the parties for summary judgment the district court in a ruling from the bench denied the plaintiff's motion and granted the CIA's motion. For the reasons to follow plaintiff's appeal from the order dismissing the action will be affirmed.
 
 
 3
 In her request of September 20, 1991 plaintiff had outlined specific documents containing approximately 2,000 pages to which she desired access. After the CIA had released some of the documents plaintiff finally narrowed her request to 409 documents, and these were still at issue on May 12, 1993. On June 15, 1993 the CIA filed a motion for summary judgment supported by the declaration of Anthony R. Frasketi, Information Review Officer for the Directorate of Science and Technology of the CIA, in which he listed each of the 409 documents, 144 of which were released in part and the balance of which were refused. The claimed statutory exemption for the refusal or partial refusal to release these documents was listed opposite each one of them, this being the procedure commonly employed by government agencies in justifying their actions under the FOIA and PA since the case of Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977 (1974).
 
 
 4
 Under the provisions of 5 U.S.C. Sec. 552(a)(4)(B) courts are required to make a de novo review of any claimed exemption by an agency under the FOIA and to review documents in camera if necessary to determine whether the exemption is applicable, and any reasonably segregable non-exempt portion of a document must be released. 5 U.S.C. Sec. 552(b). Employing these procedures correctly, the district court after considering the lengthy, detailed declaration of Mr. Frasketi, and the briefs and oral argument of counsel concluded that the agency had properly claimed the exemptions stated in the declaration. Our own de novo review of the record has convinced us that the CIA met its burden of showing that the documents were exempt.
 
 
 5
 While FOIA exemptions are to be narrowly construed in favor of disclosure, J. P. Stevens Company v. Perry, 710 F.2d 136 (4th Cir.1983), this court's review of the district court's findings in these cases is limited. Willard v. Internal Revenue Service, 776 F.2d 100, 104 (4th Cir.1985).
 
 
 6
 The federal courts and federal judges are ill-suited to assume the role of super-administrator in FOIA cases. A court's primary role, therefore, is to review the adequacy of the affidavits and other evidence presented by the Government in support of its position, utilizing an in camera examination of the [requested material] itself as an aid in determining whether the Government's affidavits are accurate and made in good faith. If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency. Cox v. United States Department of Justice, 576 F.2d 1302, 1312 (8th Cir.1978). See also Spannaus v. United States Department of Justice, 813 F.2d 1285 (4th Cir.1987).
 
 
 7
 In this case the district court, in addition to its careful review of the documents in question in the light of the claimed exemptions, also found no evidence in the record indicating bad faith on the part of the defendant. On oral argument in this court counsel for plaintiff with commendable candor conceded that there was no such evidence in the record.
 
 
 8
 In view of this court's limited role in reviewing the district court's findings we are constrained to hold that there was no error in the ruling of the court below.
 
 
 9
 AFFIRMED.