**Walter J. LAWRENCE, Plaintiff,**

v.

**UNITED STATES of America, The INTERNAL REVENUE SERVICE, Defendant.**

**No. 8:03–CV–660–T–17EAJ.**

United States District Court, M.D. Florida, Tampa Division.

Dec. 17, 2004.

---

Walter J. Lawrence, Ocala, FL, pro se.

Jennifer L. Vozne, U.S. Department of Justice Tax Division, Washington, DC, for Defendant.

## ORDER

JENKINS, United States Magistrate Judge.

Before the court are **Plaintiff's Motion to Compel** (Dkt. 105), **Defendant's Opposition to Plaintiff's Motion to Compel** (Dkt. 111) and **Plaintiff's Reply to Defendant's Opposition** (Dkt. 114).

## I. BACKGROUND

*Pro se* Plaintiff, Walter J. Lawrence ("Plaintiff"), brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), alleging that Defendant has withheld certain documents created by, and in the possession and control of, the Internal Revenue Service ("IRS"). (Dkt. 1)

Plaintiff filed two FOIA requests with the IRS seeking numerous documents. (Dkt. 11) By letter dated February 10, 2003, Plaintiff sought the following documents: (1) Individual Master File—Martinsburg Computer Center ("MCC") TranscriptsSpecific ("IMF–MCC Transcripts–Specific")[1] for tax years 1980 through 2002; and (2) certified mailing lists indicating that statutory notices of deficiency were mailed to Plaintiff for tax years 1980 through 2002.[2] (Dkt. 11, Exh. A) By letter dated April 27, 2003, Plaintiff sought the following documents: (1) United States Postal Service ("USPS") form 3877 for tax years 1980 through 2002; (2) IRS IDRS/ADP Handbook 6209 ("handbook"); and

---

1. "IMF–MCC Transcripts Specifics" are computer generated documents containing notations regarding certain transactions for a taxpayer's account in a particular year. (Dkt. 35 at 3)

2. A certified mailing list is a document that lists the taxpayer identification number, taxpayer's name and address, the certified mailing number and the tax year for which statutory notices of deficiency have been mailed out by the IRS. (Dkt. 35 at 5)

(3) copies of Substitute for Returns prepared by the IRS for tax years 1980 through 2002. (Dkt. 1, Exh. B) These FOIA requests are the subject of Plaintiff's amended complaint. (Dkt. 11) Defendant answered Plaintiff's amended complaint on September 25, 2003. (Dkt. 16)

On December 11, 2003, Defendant filed a Motion for Partial Summary Judgment asserting that the IRS released all responsive documents to Plaintiff, with the exception of the IDRS/ADP Handbook 6209. (Dkt. 33) In its motion for partial summary judgment, Defendant asserted that the IDRS/ADP Handbook 6209 had not been fully reviewed by agency officials, and upon complete review of the handbook, all discoverable parts of the handbook would be released to Plaintiff. On July 23, 2004, the district court granted Defendant's Motion for Partial Summary Judgment.

On September 24, 2004, Defendant released a redacted 2003 version of the IDRS/ADP Handbook 6209 to Plaintiff. Defendant withheld portions of the handbook pursuant to FOIA exemptions 2 and 7(E). 5 U.S.C. §§ 552(b)(2) and 552(b)(7)(E).[3] The information withheld consists of: (1) dollar tolerances and criminal investigation references used in deciding whether to take a law enforcement action; (2) selection criteria for an investigation; (3) Criminal Investigation Division ("CID") transaction or freeze codes relating to law enforcement techniques; (4) other IDRS codes relating to law enforcement techniques; and, (5) internal matters relating to the agency's computer security. (Dkt. 104 at 8; England Supp. Decl. ¶ 5; Christopher Decl. ¶ 7)

On October 19, 2004, Defendant filed a motion for summary judgment addressing the IDRS/ADP Handbook 6209. (Dkt. 104)

On October 22, 2004, Plaintiff filed a motion to compel the release of an unredacted 2003 version of the IDRS/ADP Handbook 6209. (Dkt. 105) Defendant filed an opposition to Plaintiff's motion to compel[4], and subsequently, Defendant filed a reply brief. (Dkt. 111 and Dkt. 114)

## II. DISCUSSION

In moving to compel the release of an unredacted 2003 version of the IDRS/ADP Handbook 6209, Plaintiff alleges that Defendant waived its right to claim FOIA exemptions for the following reasons: (1) Defendant failed to comply with applicable agency regulations relating to assertions of exemptions; (2) Defendant failed to assert the exemptions in its answer to Plaintiff's amended complaint; and, (3) Defendant previously released prior versions of the IDRS/ADP Handbook 6209.

Defendant first argues that it is not required to release an unredacted 2003 version of the IDRS/ADP Handbook 6209 because the agency regulations do not require such disclosure. Second, Defendant contends that it did not waive its right to assert FOIA exemptions when it failed to assert these exemptions in its answer to Plaintiff's amended complaint. Finally, Defendant states that the prior disclosure of earlier versions of the IDRS/ADP Handbook 6209 does not mandate the release of an unredacted 2003 version of the handbook.

---

**3.** Exemption 2(b) relates to information concerning those rules and practices that affect the internal working of an agency, and therefore, would be of no genuine public interest. 5 U.S.C. § 552(b)(2). Exemption 7(E) exempts investigatory records complied for law enforcement purposes to the extent that production of such records would disclose investigative techniques and procedures. 5 U.S.C. § 552(b)(7)(E).

**4.** Defendant incorporates the Motion for Summary Judgment and supporting documents (Dkt. 104) into Defendant's Opposition to Plaintiff's Motion to Compel. (Dkt. 111 at 1, n. 1)

## A. Compliance with IRS Regulations

Plaintiff contends that an agency regulation required Defendant to provide Plaintiff with a letter of notification detailing the reasons for denying his records request. See 26 C.F.R. § 601.702.[5] According to Plaintiff, Defendant's failure to assert the FOIA exemptions in a July 30, 2003 letter to Plaintiff mandates the release of an unredacted 2003 version of the handbook. There is no merit to Plaintiff's argument.[6]

■ An agency's failure to assert exemptions during the administrative process does not act as a waiver in subsequent litigation. Young v. CIA, 972 F.2d 536, 538–39 (4th Cir.1992). Thus, Defendant's failure, during the administrative process, to provide Plaintiff with a notification letter outlining the specific FOIA exemptions for withholding information from the 2003 version of the IDRS/ADP Handbook 6209 does not prevent Defendant from asserting applicable exemptions during FOIA litigation.

## B. Waiver of Right to Assert FOIA Exemptions

■ Relying upon Ray v. United States Dep't of Justice, 908 F.2d 1549, 1557 (11th Cir.1990), rev'd on other grounds 502 U.S. 164, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991), Plaintiff contends that Defendant waived its right to assert FOIA exemptions and redact portions of the handbook by failing to assert FOIA exemptions in its answer to Plaintiff's amended complaint.

In Ray, the Eleventh Circuit held that the agency could not assert new FOIA exemptions based on national security where it failed to assert these exemptions for nearly two years. Id. After the district court ruled that the redacted information was not covered by Exemption 6 of FOIA, the agency filed a motion to amend or alter the judgment, arguing for the first time that the redacted information was also covered by other FOIA exemptions. Id. The court went on to explain "that courts have some discretion to excuse untimeliness where justice so requires." Id. Because the agency waited for nearly two years to raise the new exemptions, and raised these exemptions only after a ruling in Plaintiff's favor, the court did not exercise its discretion to excuse the agency's untimeliness. Id.

In this case, the review of the handbook was not complete at the time Defendant answered Plaintiff's amended complaint. Defendant answered the amended complaint in September 2003, but the review of the handbook was not completed until September 2004. From almost the beginning of this litigation, Defendant advised Plaintiff and the court that it needed to review the handbook and determine which part, if any, could be released. (Dkt. 34 at 7–8; Dkt. 35, Ex. F) Moreover, Defendant also advised Plaintiff and the court that the agency had previously withheld law enforcement information from prior versions. (Dkt. 36, ¶ 6) Accordingly, unlike the facts in Ray, Plaintiff was aware early in the litigation of this case that the agency could

---

**5.** The regulations provides that if the agency determines some records shall be denied, the person making the request shall be notified by mail, and the letter of notification shall contain a brief statement of the grounds for not granting the request. 26 U.S.C. § 601.702(c)(9)(iv).

**6.** On July 30, 2003, Defendant initially responded to Plaintiff's request for the hand-

book by indicating that the latest version of the handbook could be obtained at the agency's website or by writing to the agency's FOIA reading room. (Dkt. 34 at 7–8; Dkt. 35, Ex. F) As explained in Defendant's motion for summary judgment, this information was incorrect. The handbook was no longer on the agency's website or available through the agency's FOIA reading room. (Dkt. 111 at 3).

be redacting information from the handbook based upon FOIA exemptions. Nor did Defendant raise these exemptions after a favorable ruling for Plaintiff. Under these circumstances, Defendant's untimeliness in failing to assert the FOIA exemptions in its answer is excused.

C. *Prior Disclosure of Earlier Versions of Handbook*

 Plaintiff argues that the agency waived any right to withhold the handbook because of the prior disclosure of earlier versions of the handbook. Plaintiff has the burden to establish that the withheld information has been officially disclosed. *See Pub. Citizen v. Dep't State,* 276 F.3d 634, 635 (D.C.Cir.2002). Plaintiff cannot meet his burden.

IRD/ADP Handbook 6209 is revised annually. (Dkt. 104, Christopher Decl. ¶ 3, n. 5). The 2003 version of the handbook has only been released in its redacted version. Even assuming that part of prior versions of the handbook were disclosed, the agency does not waive an exemption by releasing information that pertains to a different time period than the redacted information. *See Army Times Publishing Co. v. Department of the Air Force,* 998 F.2d 1067, 1071 (D.C.Cir.1993)(past release of similar information does not waive agency's right to assert FOIA exemption).

Furthermore, the fact that the earlier versions of the handbook may have been in the public domain does not eliminate the possibility that further disclosure can cause harm to the agency's information technology and law enforcement operations. In order for an agency to waive its claim that the information is exempt from disclosure, Plaintiff must carry the "burden of pointing to specific information in the public domain that appears to duplicate that being withheld." *Assassination Archives & Research Ctr. v. CIA,* 334 F.3d 55, 59 (D.C.Cir.2003). The prior disclosure

wavier does not operate on information pertaining to a time period *later* than the date of the publicly documented information. *See Fitzgibbon v. CIA,* 911 F.2d 755, 766 (D.C.Cir.1990). Thus, because Plaintiff has not demonstrated that the earlier released versions of the handbook duplicate the information sought by Plaintiff, the agency has not waived its right to assert FOIA exemptions relating to a redacted 2003 version of the handbook.

III. *CONCLUSION*

In sum, Plaintiff's motion to compel fails to demonstrate that Defendant waived its right to claim FOIA exemptions relating to a redacted 2003 version of the IDRS/ADP Handbook 6209.

Accordingly, it is **ORDERED** that:

(1) **Plaintiff's Motion to Compel** (Dkt. 105) is **DENIED.**