**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. No. 82–2058.**

United States District Court, District of Columbia.

Aug. 15, 1983.

---

1. Known in bureaucratic jargon as "disregards".

Julie Bernstein, Connerton & Bernstein, Washington, D.C., for plaintiff.

Fran L. Paver, Attorney-Advisor, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Plaintiff, Laborers' International Union of North America, by its FOIA complaint seeks disclosure by the defendant of a 65-page document entitled, "Organized Crime and the Labor Unions" ("Report"). The Department of Justice ("Agency") filed a Motion for Summary Judgment on April 19, 1983 alleging that there is no material fact in issue and that it is entitled to judgment as a matter of law under Exemptions 7(C) and 7(D). 7(C) exempts from disclosure "investigatory records compiled for law enforcement purposes ... to the extent production of such records would ... constitute an unwarranted invasion of privacy," while 7(D) exempts "investigatory records compiled for law enforcement purposes ... to the extent production of such records would ... disclose the identity of a confidential source...." 5 U.S.C. § 552(b)(7)(C) & (D) (1976). The Agency submitted the declaration of Douglas Wood to support its motion for summary judgment. Plaintiff served an opposition to defendant's motion for summary judgment. The Agency then filed a supplemental memorandum in support of its motion for summary judgment, a public declaration of David Margolis, and a notice of *in camera* submission of the Report and an *in camera* declaration of Margolis. Defendant responded with a supplemental memorandum in opposition to the Agency's Motion for Summary Judgment.

Plaintiff attached to its complaint a draft of a report concerning organized crime in labor unions which may or may not be part or all an authentic copy of the Agency

Report which plaintiff seeks to have disclosed. This presents a difficult situation because disclosure of any information, in itself innocuous, which would verify whether the draft in possession of plaintiff is an authentic copy of the Report might amount to disclosure of the entire Report. Information that the Agency might normally release in support of its position that the Report or portions thereof are within an exemption, in this case might be tantamount to disclosure. Plaintiff has served 173 interrogatories on the Agency, and the Agency has refused to answer 93 of them "on the ground of privilege in that an answer to it could divulge the very information sought to be protected by defendant in this civil action, by facilitating identification of the Report and hence serving to confirm or deny whether the particular document submitted by plaintiff with its Complaint is a copy of the Report . . . ."

Plaintiff has filed a motion to compel answers to the 93 interrogatories. Plaintiff opposes imposition of summary judgment on the grounds that the Report, as a matter of law, is not within the exemptions, that the public affidavits in support of defendant's Motion for Summary Judgment do not satisfy the requirements of Fed.R.Civ.P. 56(e) and that Fed.R.Civ.P. 56(f) allows plaintiff to complete further discovery before imposition of summary judgment.

Upon review of the entire record herein, the Court finds 1) that the public and *in camera* affidavits of Margolis satisfy the requirements of Fed.R.Civ.P. 56(e) as reasonably detailed expressions of fact and opinion based on personal knowledge; 2) that discovery sufficient to satisfy the requirements of Fed.R.Civ.P. 56(f) has occurred and that *in camera* inspection of the Report and the *in camera* Margolis declaration, rather than further public discovery, was necessary for proper resolution of the case; and 3) that no genuine issues of material fact exist and summary judgment is appropriate as a matter of law under Exemption 7(C).

*Defendant's affidavit is sufficient under 56(e) Fed.R.Civ.P.*

Affidavits supporting summary judgment motions "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). Plaintiff, relying on *Londrigan v. Federal Bureau of Investigation*, 670 F.2d 1164 (D.C.Cir. 1981), asserts that the personal knowledge requirement of 56(e) is not met because Margolis did not declare that he took part in creation of the Report nor did he declare that he spoke with those who interviewed confidential sources for the Report. Plaintiff also argues that Margolis' declaration is characterized by "general conclusions" unsupported by facts admissible in evidence.

*Londrigan* is applicable to this case only to a limited extent, but to the extent it is applicable, its analysis supports the conclusion that the Margolis declaration is based upon personal knowledge. *Londrigan* does not require the affiant to take part in creation of the report or to be involved in the investigation which is the subject of the report. Rather it allows the affiant to:

> testify to his own observations upon review of the documents . . .; the agency's procedures with respect to investigations during his own tenure therewith and earlier practices of which he possesses personal knowledge; and his personal experiences as an agent to the extent that they bore relevance to the case. . . .

*Londrigan*, 670 F.2d 1174; *accord, Ramo v. Department of Navy*, 487 F.Supp. 127, 130 (N.D.Cal.1977), *aff'd mem.*, 692 F.2d 765 (9th Cir.1982).

*Londrigan* was a Privacy Act case, and that statute, unlike FOIA, requires an express promise of confidentiality to a source in order to exempt information received from that source from disclosure. The affiant in *Londrigan* was held not competent to testify as to the facts surrounding promises of confidentiality of which he had not personal knowledge and which were not

evidenced in the Report. The *Londrigan* court recognized its analysis was not applicable to exemptions under the FOIA. *Londrigan*, 670 F.2d at 1170, n. 34; *see also Diamond v. F.B.I.*, 707 F.2d 75, 78 (2d Cir.1983).

■ Margolis is competent to make observations concerning whether the Report is within Exemption 7(C) because his observations are based upon his review of the Report and upon his general familiarity with the nature of Department of Justice investigations similar to the one documented by the Report. *See* Margolis Declaration, ¶¶ 2, 5 and 8.

■ Plaintiff's argument that Margolis' declaration does not contain sufficient facts, which would be admissible in evidence, to support his legal conclusions is also invalid. The U.S. Court of Appeals for this Circuit requires affidavits to "describe the documents and justifications for nondisclosure with reasonably specific detail. . . ." *Military Audit Project v. Casey*, 656 F.2d 724 (D.C.Cir.1981). Margolis has provided reasonable detail in this case. He cannot provide greater detail because such detail would allow plaintiff to confirm whether the document it possesses is an authentic version of the agency Report. *See Cooper v. Department of Justice*, 578 F.Supp. 546 at 548 (D.D.C. 1983) ("The difficulty [with more detailed declarations] is that an adequately informative description would breach the exemption . . . ").

It is important to note that the Court does not rely solely, or even primarily, upon the public declaration of Margolis as the basis for its decision that imposition of summary judgment is proper. While the public record is as complete as possible without risking disclosure of the very information sought to be ruled exempt, it still arguably does not provide a sufficient basis for principled decisionmaking. Therefore, after examining public affidavits and allowing limited discovery, the Court proceeded

with *in camera* inspection of the agency Report and Margolis' *in camera* declaration.

*Motion for Continuance under Fed.R. Civ.P. 56(f) and In Camera Inspection*

■ Plaintiff seeks a continuance under 56(f) Fed.R.Civ.P. in order to pursue further discovery. It argues that essential facts necessary to controvert the Agency's Motion for Summary Judgment are exclusively within the Agency's control and that plaintiff's Motion to Compel the answers to 97 interrogatories is pending. To the extent plaintiff merely seeks to compel answers to its interrogatories before summary judgment is considered, a continuance is not required as the Motion to Compel is ripe. Moreover, review of that motion convinces the Court that it must be denied. The Agency has properly invoked its privilege not to answer 90 of the interrogatories on the ground that the detail required by the answers may serve to confirm or deny the authenticity of the document held by plaintiff[1].

■ Other forms of public discovery, such as public depositions, also are not appropriate. Such discovery could be aimed only at one of two things. First, plaintiff could seek to attack the veracity of the declarant, Margolis. However, there are no substantial questions concerning the truth of the content of the Margolis declaration, and in such circumstances the Court may properly exercise its discretion to deny plaintiff the opportunity to depose the declarant. *Military Audit Project v. Casey*, 656 F.2d 724 (D.C.Cir.1981). Second, plaintiff could seek to uncover more detail concerning the withheld Agency Report. But, as noted earlier, additional detail may serve to confirm or deny the authenticity of the document held by plaintiff.

■ In a broader sense, further discovery would be unproductive because this is one of those cases in which *in camera* inspection of the Report is "absolutely nec-

---

**1.** The Agency's objection to the remaining seven interrogatories on the grounds of irrelevance or undue burden is also sustained.

essary." *Allen v. C.I.A.*, 636 F.2d 1287, 1298 n. 3 (D.C.Cir.1980). "That necessity exists when 1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and records themselves, and 2) public disclosure of that information would compromise the secrecy asserted." *Arieff v. U.S. Department of Navy*, 712 F.2d 1462 at 1471, slip op. at 16 (D.C.Cir.1983). *Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C.Cir.1976), supports the decision to provide *in camera* inspection and the procedure employed here prior to such inspection. In *Phillippi* plaintiff sought disclosure of records concerning C.I.A. efforts to convince the news media to withhold publishing information about the *Glomar Explorer* project. The C.I.A. argued that it could not confirm or deny the existence of such records because C.I.A. involvement with the project was itself exempt information. The Court of Appeals held that *in camera* inspection of C.I.A. affidavits was proper where the agency could not confirm or deny the existence of documents. The Court also noted that prior to *in camera* inspection the Court should "require the Agency to provide a public affidavit explaining in as much detail as is possible the basis for its claim that it can be required neither to confirm nor to deny the existence of the requested records" and allow plaintiff to seek discovery "to clarify the Agency's position or to identify the procedures by which that position was established." *Phillippi*, 546 F.2d 1009, at 1013. In this case, discovery has been limited only to the extent that it will reveal the very information sought to be withheld or to the extent that such limitation falls within the discretion of the Court under *Military Audit Project.* [2]

*Summary Judgment under Exemption 7(C)*

■ On the basis of its *in camera* inspection, the Court finds that the require-

ments of Exemption 7(C) are clearly met. To determine whether the agency's Report falls within this exemption, the Court first addresses the threshold question of whether the report is an "investigative record compiled for law enforcement purposes." Whether the Court applies the standard elucidated in *Rural Housing Alliance v. Department of Agriculture*, 498 F.2d 73 (D.C.Cir.1974), as urged by plaintiff, or in *Pratt v. Webster*, 673 F.2d 408 (D.C.Cir. 1982), as urged by defendant, the result is the same—the Report is an investigative record compiled for law enforcement purposes. The Report is one which focuses "directly on specifically alleged illegal acts ... of particular identified [persons] ... which could, if prosecuted, result in civil or criminal sanctions." *Rural Housing Alliance*, 498 F.2d at 81–82; *Margolis Affidavit*, ¶ 8. The Report also arose out of the Agency's investigatory activities related to enforcement of federal laws and the investigative subject matter of the Report bears a rational relationship to the Agency's law enforcement duties. *Pratt*, 673 F.2d at 420–21; *Margolis Affidavit*, ¶¶ 8–9; *Answer* to Interrogatory No. 38.

■ The Report is within Exemption 7(C) because disclosure of the contents of the Report would constitute a significant invasion of the personal privacy of individuals mentioned therein as being subjects of a criminal investigation, and such invasion is unwarranted since no demonstrable public interest is served by disclosure. *See Fund for Constitutional Gov't v. National Archives & Records*, 656 F.2d 856, at 863 (D.C.Cir.1981); *Bast v. United States Department of Justice*, 665 F.2d 1251, 1254 (D.C.Cir.1981); *Lame v. Department of Justice*, 654 F.2d 917, 928–29 (3rd Cir.1981). While there is no *per se* rule that names of individuals who are subjects of criminal investigations are exempt from disclosure, there is no doubt that the contents of this

**2.** Furthermore, plaintiff did not object to the Court's decision to provide *in camera* inspection. The decision that *in camera* inspection is proper implicitly recognizes that further public

discovery cannot simultaneously reveal necessary factual information and preserve necessary secrecy. *See Arieff v. U.S. Department of Navy*, 712 F.2d 1462 (D.C.Cir.1983).

Report would, if released as authentic Agency information, cause significant damage to the reputations of many individuals, several of whom hold prominent positions. The Report contains unproven allegations of very serious criminal wrongdoing on the part of certain individuals.

■ Plaintiff argues that protection of personal privacy cannot be a valid ground for withholding the Report because the Agency admits that unauthorized disclosure of a document resembling the Report, at least in part, has already occurred. This argument ignores the fact that release of an authenticated copy of an Agency investigative report would exacerbate any harm produced by previously unauthorized disclosures because previously released information must have been regarded as unsubstantiated and speculative. The Court of Appeals for this Circuit has previously encountered a similar argument, and responded that the authoritative nature of the subsequent disclosure and the renewed publicity brought on by it were sufficient to implicate privacy interests. *Bast v. Department of Justice*, 665 F.2d 1251, at 1255 (D.C.Cir.1981).[3]

■ Plaintiff counters that even if privacy interests are present, the greater public interest promoted by disclosure requires release of the information. Plaintiff asserts that official disclosure of the Report would allow persons injured by the unofficial disclosure to identify the source of the defamatory information and better allow them to defend themselves against the defamation. This argument has at least two flaws. First, it assumes that the information contained in the Report is the same or similar to information contained in Agency documents publicly available through unauthorized leaks. That assumption may or may not be valid. Second, if the Report were released, it is certain that media attention would focus on it. It is very difficult to believe that the victims of uncorroborated, yet destructive, allegations of wrongdoing would somehow be able to cleanse their reputations by pointing out that the source of the Report is *merely* an official Department of Justice criminal investigation. While it is conceivable that some individual currently injured by unauthorized leaked information might be able to repair his or her reputation by reference to the authentic Report, that possibility is clearly outweighed by the devastating violations of privacy that would be certain to occur in the wake of official disclosure of this Report having the imprimatur of the Department of Justice.

■ As a last resort, plaintiff seeks to compel defendant to disclose segregable portions of the Report which do not fall within Exemption 7(C). In spite of the FOIA presumption in favor of disclosure of segregable portions, the Agency validly objects to partial disclosure on the ground that such disclosure might divulge the very information defendant seeks to protect by identifying the Report and thereby serving to confirm or deny whether the document plaintiff possesses is an authentic version of the Report. In essence, there is no segregable portion of the Report in this case that would render any such disclosure meaningful.

Plaintiff highlights several genuine issues of fact, but none of the disputed facts are material to the legal conclusion that the Report is within Exemption 7(C).

It is not necessary to address the Agency's argument that the Report is also within Exemption 7(D).

---

**3.** Unauthorized disclosure of a document does not constitute a waiver of the applicable FOIA exemption. *Medina-Hincapie v. Department of State*, 700 F.2d 737, at 740 n. 20 (D.C.Cir.1983).