LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, Appellant

v.

UNITED STATES DEPARTMENT
OF JUSTICE.

No. 83-2100.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 27, 1984.

Before GINSBURG, BORK and STARR, Circuit Judges.

## JUDGMENT

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was fully briefed and argued. For the reasons stated in the accompanying memorandum, it is hereby

ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed. It is

FURTHER ORDERED that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* Local Rule 14, as amended on November 30, 1981 and June 15, 1982.

## MEMORANDUM

The Laborers' International Union of North America ("Union") appeals from an order of the District Court, 578 F.Supp. 52 (1983) granting summary judgment in favor of the United States Department of Justice ("Department") in this civil action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982). The Union had unsuccessfully sought disclosure under the FOIA of a Department report entitled "Organized Crime and the Labor

Unions," and after exhausting its administrative appeals within the Department filed the instant action. The Union attached to its complaint a copy of a report concerning organized crime in labor unions, a report "which may or may not be part of all [of] an authentic copy of the [Department's] Report which [the Union] seeks to have disclosed." At 54. The Union maintained that the report had been "leaked" to various representatives of the news media, resulting in unfavorable publicity for several labor organizations, including Laborers' International.

In granting the Department's motion for summary judgment, the District Court, following an examination of the report itself *in camera* and the public and *in camera* affidavits of David Margolis, Chief of the Organized Crime and Racketeering Section of the Department's Criminal Division, held that the document was exempt from disclosure under Exemption 7(C) of the FOIA. Concluding that the report constituted an "investigative record compiled for law enforcement purposes" under this court's decisions in *Rural Housing Alliance v. Department of Agriculture*, 498 F.2d 73 (D.C.Cir.1974) (relied on by the Union) and *Pratt v. Webster*, 673 F.2d 408 (D.C.Cir. 1982) (relied on by the Department), the District Court held, based upon its own review, that the report "focuses 'directly on specifically alleged illegal acts ... of particular identified [persons] ... which could, if prosecuted, result in civil or criminal sanctions.'" At 57. The District Court further concluded that the report "arose out of the [Department's] investigatory activities related to enforcement of federal laws and the investigative subject matter of the Report bears a rational relationship to the [Department's] law enforcement duties." *Id.* at 57. In reaching this threshold determination under Exemption 7(C), the District Court relied upon the public affidavit of Mr. Margolis and the Department's Answers to the Union's Interrogatories. Margolis Affidavit ¶¶ 8–9; Answers to Interrogatories Nos. 38, 41.

After making this initial determination as required under Exemption 7(C), the District Court went on to conclude that disclosure of the report's contents "would constitute a significant invasion of the personal privacy of individuals mentioned therein as being subjects of a criminal investigation, and such invasion is unwarranted since no demonstrable public interest is served by disclosure." At 57. The court observed that while no *per se* rule exempted from disclosure the names of individuals who are subjects of criminal investigations, the Department's official release of the report would without doubt "cause significant damage to the reputations of many individuals, several of whom hold prominent positions." *Id.*

In its order and accompanying opinion, the District Court denied the Union's motion to compel answers to ninety-seven of the Union's 173 interrogatories propounded to the Department and refused the Union's request to continue discovery pursuant to Rule 56(f). The court determined that most of the unanswered interrogatories to which the Department had objected called, in effect, for answers which could serve to confirm or deny the authenticity of the document in the Union's hands. In addition, seven of the 173 interrogatories were deemed objectionable by the court on the relevancy and burdensomeness grounds advanced by the Department. The District Court further concluded that such other forms of discovery as public depositions were inappropriate where, as here, no substantial questions had been raised as to the truth of the contents of the public Margolis affidavit. Finally, the court held that any further discovery "would be unproductive because this is one of those cases in which *in camera* inspection of the Report is 'absolutely necessary.'" At 56.

We agree with the District Court's conclusions. The court correctly determined, from the *in camera* submissions, that the Department's report on organized crime was an investigatory record compiled for law enforcement purposes and that disclosure of such a report, containing as it does "the names of numerous individuals and [documenting] alleged illegal activities of several of these individuals," Margolis Affidavit ¶ 10 (Public), would constitute a significant invasion of the privacy interests

of a large number of individuals.* In doing so, the District Court faithfully applied in an unexceptionable way the governing legal standard set forth in *Pratt v. Webster, supra.***

The Union maintains on appeal that *Pratt*'s strictures were not satisfied since the report in question was, in the Union's view, merely a general survey of organized crime and labor unions, not a part of a Department of Justice file with a standard file number or a file with an identified subject of investigation. Appellant's Brief at 11. But the Union is erecting requirements and criteria for law enforcement investigative records nowhere to be found in the *Pratt* opinion itself. The language in *Pratt* seized upon by the Union *** simply does not impose a requirement that the document be found in a specific Departmental file with a particular file number. Based upon our own review of the report and supporting affidavits, as well as the entire record, we are convinced that the District Court was correct in concluding that *Pratt's* standards were "clearly met" in this case. At 57.

So too, the District Court's decision is not properly disturbed on this appeal for its foreclosure of further discovery. Control of discovery is a matter entrusted to the sound discretion of the trial courts. *See Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 788 (D.C.Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984); *Doe v. District of Columbia,* 697 F.2d 1115, 1119 (D.C.Cir.1983). We review denials of motions to compel discovery only for abuse of discretion. *Zerilli v. Smith,* 656 F.2d 705, 710 (D.C.Cir.1981); *see also Goland v. CIA* 607 F.2d 339, 355 (D.C.Cir.1978). Curtailment of discovery in the exercise of the

District Court's discretion was appropriate where, as here, the court reasonably determined that an *in camera* examination was required of the sole document being sought by the FOIA requester-litigant in order for the court to make the substantive determination as to the pertinent statutory exemption's applicability. *See Allen v. CIA,* 636 F.2d 1287, 1298 (D.C.Cir.1980). We cannot fault the court's determination in this respect, much less find an abuse of discretion in its manner of control of discovery under the circumstances presented here.

Indeed, eschewing any attack on the credibility or veracity of Mr. Margolis or the truth of the Department's interrogatory answers, the Union maintained at oral arument that it had been deprived in discovery of the opportunity to inquire into the meaningfulness and thoroughness of the Department's asserted efforts to identify the sources of the "leak" of the report. This inquiry was needed, the Union claims, to determine whether the disclosure was in fact authorized. But more than mere speculation as to what further discovery *might* yield is required to raise a genuine issue of material fact in the face of both the sworn statement of the Organized Crime Section Chief and the Department's interrogatory answer that the Department has never authorized any disclosure of the report in its possession. Margolis Affidavit ¶¶ 15–16; Department's Objection to Interrogatory No. 26; Department's Answer to Interrogatory No. 47. *See Exxon Corp. v. FTC,* 663 F.2d 120, 128 (D.C.Cir.1980). Inasmuch as uncontradicted statements were forthcoming that no authorized disclosure of the report had occurred, in addition to the earlier written representation to the Union from the Counsel of the Department's Office of Professional Responsibili-

---

* In view of the unusual posture of this case, the Union's request for disclosure of segregable portions of the report with excision of personal information is not supportable. Disclosure of any part of the report would enable the Union to verify whether the report in its possession is an authentic copy of the Department's report, and the privacy interests of the persons named in the Departmental report would thus be at risk. *See Weisberg v. Department of Justice,* 745 F.2d 1476, 1491 (D.C.Cir.1984).

** By its terms, *Pratt* applies to investigatory documents in the hands of a law enforcement agency. *Rural Housing,* as *Pratt* clearly explained, applies in settings other than law enforcement agencies, such as where an agency conducts its own internal inquiry into allegations of employee misconduct. *See Stern v. FBI,* 737 F.2d 84, 88–89 (D.C.Cir.1984).

*** *Pratt v. Webster, supra,* 673 F.2d at 420.

ty that there had been an "unauthorized release" or "leak" of the report and that Counsel had been unable to determine the individual[s] responsible for such "unauthorized release," there is simply no warrant for reversing the District Court's considered determination foreclosing further discovery.

The judgment of the District Court is therefore affirmed.