72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Maurice C. PROCTOR, Sr., Appellant,
v.
DEPARTMENT OF JUSTICE; Federal Bureau of Investigation;
U.S. Attorney's Office; Drug Enforcement Administration.
 No. 94-5257.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 2, 1996.
 
 Before: SILBERMAN, SENTELLE, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed August 8, 1994, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The Federal Bureau of Investigation ("FBI") properly withheld documents requested by Proctor pursuant to Exemption 7(D) of the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552(b)(7)(D), because the circumstances surrounding the FBI's investigation into the murder of a federal witness permitted an inference that individuals cooperating with the FBI's investigation did so pursuant to an assurance of confidentiality. See U.S. Dept. of Justice v. Landano, 113 S.Ct. 2014, 2019-20 & 2023 (1993) (nature of crime under investigation may permit an inference that information was provided to investigators pursuant to assurance of confidentiality); Williams v. FBI, No. 94-5375, slip op. at 7-8 (D.C.Cir. Nov. 14, 1995) (it could be inferred that information had been provided to the FBI pursuant to an implied assurance of confidentiality where the information related to the FBI's investigation of a group that advocated overthrow of the government and had demonstrated a willingness to use violence against its enemies).
 
 
 5
 The fact that individuals who testified or were listed as possible witnesses may have been confidential informants did not waive the FBI's right pursuant to Exemption 7(D) to withhold the information. Parker v. Dept. of Justice, 934 F.2d 375, 380-81 (D.C.Cir.1991) (fact that trial witnesses may have been confidential sources did not preclude FBI from withholding information pursuant to Exemption 7(D)); Irons v. FBI, 880 F.2d 1446 (1st Cir.1989) (en banc) (public testimony by the source does not waive Exemption 7(D)); Irons v. FBI, 811 F.2d 681 (1st Cir.1987) (source's willingness to testify did not waive Exemption 7(D)).
 
 
 6
 In addition, the district court did not abuse its discretion in denying appellant's motion to compel because the requests for admission propounded by appellant sought disclosure of the same information sought by his Freedom of Information Act request. Cf. Laborers' Internat'l Union of North America v. Dept. of Justice, 578 F.Supp. 52, 55-56 (D.D.C.1983), aff'd, 772 F.2d 919 (D.C.Cir.1984) (memorandum) (agency would not be compelled to respond to discovery requests where response would be tantamount to disclosure of information withheld pursuant to FOIA exemption).