**Jacquelyn HALL, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE,**
**Defendant.**

**No. Civ.A. 96–2306 JR.**

United States District Court,
District of Columbia.

Aug. 5, 1999.

James Hiram Lesar, Washington, DC, for plaintiff.

Suzanne Claire Nyland, Keith V. Morgan, U.S. Attorney's Office, Washington, DC, for defendant.

### *MEMORANDUM*

ROBERTSON, District Judge.

Plaintiff in this Freedom of Information Act case is a history professor who seeks FBI documents about three intellectuals investigated by the FBI in the 1940's and 1950's. I denied cross-motions for summary judgment on September 29, 1998, with leave for the FBI to "augment its showing that the documents in question were gathered for law enforcement purposes and that they relate to confidential sources, and to show that persons whose privacy may be at stake are in fact still alive." Mem.Op. at 2. The FBI did file supplemental material and has renewed its motion for summary judgment. Plaintiff has moved to strike all of the FBI's declarations, asserting the absence of personal knowledge on the part of the declarants, *see* Fed.R.Civ.P. 56(e), and has renewed her own motion for summary judgment. Also before me are motions to reconsider three rulings issued on September 29, 1998—that a "50–year rule" would be imposed to protect the privacy of people who may still be alive and that the FBI properly withheld documents pursuant to FOIA Exemptions 1 and 2. Plaintiff also renews her argument about an issue that was noted but not decided in the September 29 opinion, that the FBI improperly withheld material in reliance upon another court's protective order. And plaintiff asserts that the FBI has not adequately searched its records in response to her FOIA request.

The renewed motions of the parties have added very little to the debate. I will not change my original rulings with respect to Exemptions 1 and 2 and the "50–year rule." As for the issue of whether the documents were gathered for law enforcement purposes—the threshold question for invoking Exemptions 7(C) and 7(D)—the FBI has provided insufficient record support for its position. Accordingly, defendant's motion for summary judgment must be denied and plaintiff's motion for summary judgment must be granted, with respect to the disclosure of documents withheld under FOIA Exemptions 7(C) and 7(D). The FBI must present for *in camera* inspection the documents it has withheld under the protective order issued in *National Lawyers Guild v. Attorney General of the United States, et al.*, No. 77–999 (S.D.N.Y.1989). The reasons for these rulings are set forth below.

*Exemptions 7(C) and 7(D)*

 The FBI has withheld documents on the ground that they were gathered for law enforcement purposes and that their release would disclose confidential sources or would be an invasion of personal privacy. To support its position that the documents were gathered for law enforcement purposes, the FBI first submitted the declaration of Agent Sherry Davis. (Davis Decl., Def.Exh. 2, Mot. for Summ.J., Apr. 6, 1998). Given the opportunity to "augment its showing that the documents in question were gathered for law enforcement purposes and that they relate to confidential sources, and to show that per-

sons whose privacy may be at stake are in fact still alive," Mem.Op. at 2, the FBI then submitted the declaration of Scott Hodes. (Hodes Decl., Def.Exh. 8). That declaration merely repeats in broad terms the statements made by Davis in her earlier declaration. The FBI's point is that Davis' declaration was adequate to begin with, because it is similar to a declaration found to be adequate in a similar FOIA case, *Davin v. Department of Justice*, No. 92–1122, slip op. at 10–16 (W.D.Pa. Apr. 9, 1998) (Def.Ex.7).[1]

The *Davin* case was before the district court on remand from the Third Circuit, see *Davin v. Department of Justice*, 60 F.3d 1043 (3d Cir.1995). The district court indeed did find that the government had met the Third Circuit's standard for establishing the presence of law enforcement purposes. The case is not persuasive authority here, however, because the Third Circuit standard is more permissive than the standard recently announced by our Court of Appeals in *Campbell v. Department of Justice*, 164 F.3d 20, 32 (D.C.Cir. 1998):

"If the FBI relies on declarations to identify a law enforcement purpose underlying withheld documents, such declarations must establish a rational nexus between the investigation and one of the agency's law enforcement duties, and a connection between an individual or incident and a possible security risk or violation of federal law. If the declarations fail to supply facts in sufficient detail to

---

1. In this second round of briefing, plaintiff argues for the first time that the Davis and Hodes declarations are insufficient as a matter of law for their failure to comply with Rule 56(e)'s requirement that a declaration filed in support of a summary judgment motion "shall be made based on personal knowledge ... and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). A declarant in a FOIA case satisfies Rule 56(e)'s personal knowledge requirement when "in his declaration, [he] attest[s] to his personal knowledge of the procedures used in handling [a FOIA] request and his familiarity with the

documents in question." *Spannaus v. Department of Justice*, 813 F.2d 1285, 1289 (4th Cir.1987); see also *Cucci v. DEA*, 871 F.Supp. 508, 513 (D.D.C.1994); *Laborers' Int'l Union v. Department of Justice*, 578 F.Supp. 52, 55–56 (D.D.C.1983), aff'd, 772 F.2d 919 (D.C.Cir. 1984). FBI agents Sherry Davis and attorney Scott Hodes state in their declarations that their statements are based on personal knowledge of FBI's handling of plaintiff's FOIA request. Davis Decl. ¶ 2, Hodes Decl. ¶ 2. Plaintiff's motion to strike the Davis and Hodes declarations will, accordingly, be denied.

apply the . . . rational nexus test, then a court may not grant summary judgment for the agency." (citations and quotations omitted).

Here, the FBI's claim with regard to Professor Douglas is that she supported, "both via her membership and financially, organizations that violated" "the Smith Act of 1940 and the Subversive Activities Control Act [SACA] of 1950." Hodes Decl. at ¶ 6. The last Smith Act prosecution took place in 1956. The Douglas file stretches from 1943–1969. "No charges were ever brought against Ms. Douglas, and this file was closed upon her death." *Id.* With regard to Professor Lumpkin, investigation of her alleged SACA violations began in 1950. Hodes Decl. at ¶ 7. The file stretches from 1953–1970. Davis Decl. at ¶ 16. "The investigation was closed in 1959, and no charges . . . were brought against Ms. Lumpkin." Hodes Decl. at ¶ 7. The FBI has thus failed to "explain why each withheld document or set of closely similar documents relate to a specific law enforcement purpose," *Campbell*, 164 F.3d at 33, and its motion for summary judgment must be denied.

*Material under protective order in another case*

 The FBI asserts that it is required to withhold certain materials pursuant to a court order issued in *National Lawyers Guild v. Attorney General of the United States et al.,* Civil Action No. 77–999 (S.D.N.Y.1989) ("the *NLG* case"). The Freedom of Information Act reflects a "general philosophy of full agency disclosure." *Department of Defense v. FLRA,* 510 U.S. 487, 494, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994) (citation omitted). "Because FOIA establishes a strong presumption in favor of disclosure . . . requested material must be disclosed unless it falls squarely within one of the nine exemptions carved out in the Act." *Burka v. Department of Health and Human Services,* 87 F.3d 508, 515 (D.C.Cir.1996). The Court of Appeals, addressing the inter-agency or intra-agency exemption for material that would be otherwise undiscoverable, has held that

"[I]f we simply look at whether the agency can identify any cases extending a protective order to a certain category of information, the answer will usually be 'yes.' If Exemption 5 is triggered every time an agency can point to such cases, the exception carved out will quickly swallow up the rule." *Burka,* 87 F.3d at 517.

Similarly, if a protective order were to serve as an automatic FOIA exemption here, then all records pertaining to the National Lawyers Guild—not only documents subject to a particular exemption—would be exempt.

There is no *per se* rule exempting material protected under a court order from disclosure in response to a FOIA request. Protective orders must be analyzed case-by-case. The protective order at issue here is part of a stipulation and settlement order entered in 1989. Under its terms, the FBI may not "dispose of, or permit access to" "FBI files on the [National Lawyers] Guild" until 2025. (Def.Att. B at 7–8, Mot. for Summ.J., Apr. 6, 1998). The protective order relates to the NLG, and not by its terms to any of the four individuals covered by plaintiff's FOIA request, but beyond that obvious fact the record does not contain enough information to permit an appropriate balance to be struck between the FBI's obligations under the Freedom of Information Act and the protective order, respectively. Under the circumstances, *in camera* inspection of the documents will be required.

*Adequacy of the search*

 Plaintiff asserts that two new search issues have arisen since the FBI reprocessed documents responsive to her request in September 1998. Specifically, she states that she has not received certain TESUR (telephone surveillance) logs mentioned in documents that she has already received in response to her FOIA request. She also asserts that records about Profes-

sor Dorothy Douglas's husband, Senator Paul Douglas, should have been provided. Her rationale is that since the already-released material shows that both Douglases were investigated, it is "all but inevitable" that records about the senator would include references to his wife. (Pl.Mot. at 24).

 It is true that the Court of Appeals' recently stated in *Campbell v. Department of Justice* that "an agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." 164 F.3d 20, 28 (D.C.Cir.1998) (citation omitted). Nevertheless, "mere reference to other files does not establish the existence of documents that are relevant to [other] FOIA request[s]. [Otherwise], an agency ... might be forced to examine virtually every document in its files, following an interminable trail of documents like a chain letter winding its way through the mail.... FOIA clearly does not impose this burden upon federal agencies." *Steinberg v. Department of Justice*, 23 F.3d 548, 552 (D.C.Cir.1994). Plaintiff may file a new FOIA request for the TESUR logs and the files of Senator Douglas, if she chooses to do so.

An appropriate order accompanies this memorandum.

### ORDER

Upon a review of the record, it is this 5th day of August 1999

**ORDERED** that defendant's motion for summary judgment [# 43] is denied. It is

**FURTHER ORDERED** that plaintiff's motion for summary judgment [# 76] is **granted,** with respect to the disclosure of documents withheld under FOIA Exemptions 7(C) and 7(D). It is

**FURTHER ORDERED** that plaintiff's motion to strike the declarations of Sherry Davis and Scott Hodes [# 76] is **denied.** And it is

**FURTHER ORDERED** that, within 30 days of the date of this order, the FBI present for *in camera* inspection the documents it has withheld under the protective order issued in *National Lawyers Guild v. Attorney General of the United States, et al.,* No. 77–999 (S.D.N.Y.1989).